1
2
3
4
          UNITED STATES DISTRICT COURT

5
          NORTHERN DISTRICT OF CALIFORNIA

6
7
JONATHAN SAPAN,

        Plaintiff,

8
9
    v.

10
YELP, INC.,

        Defendant.

11
12

Case No. 17-cv-03240-JD

**REASSIGNMENT ORDER SETTING CMC**

Re: Dkt. No. 11

13
TO ALL PARTIES AND COUNSEL OF RECORD:

14
       This matter has been reassigned to the Honorable James Donato.  It is hereby ordered,

15
pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, that a Case Management Conference shall

16
be held in this case on  September 7, 2017, at 10:00 A.M., in Courtroom 11, 19th Floor, United

17
States Court House, 450 Golden Gate Avenue, San Francisco, CA 94102.

18
       Counsel shall meet and confer as required by Fed. R. Civ. P. 26(f) prior to the Case

19
Management Conference with respect to the subjects set forth in Fed. R. Civ. P. 16(c).  **Not less**

20
**than seven (7) calendar days** before the conference, counsel shall file a joint case management

21
statement in compliance with the "Standing Order for Civil Cases Before Judge James Donato"

22
and the "Standing Order For All Judges of the Northern District -- Contents of Joint Case

23
Management statement," both of which are attached to this order and can also be found on the

24
Court's website.  A proposed order is not necessary.  Following the conference, the Court will

25
enter its own Case Management and Pretrial Order.

26
27
28

United States District Court
Northern District of California

For all other matters pertaining to the Case Management Conference, including who must attend and how the parties may make a request to reschedule the date, the parties are directed to this Court's Civil Standing Order.  Parties are expected to be familiar with that order, and to comply with it fully.

**IT IS SO ORDERED.**

Dated: July 6, 2017

_____
JAMES DONATO
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL CASES BEFORE JUDGE JAMES DONATO**

**INTRODUCTION**

This Standing Order is a guide to counsel and parties on pretrial practices in civil cases before Judge Donato. Counsel are required to read and comply with this order, this Court's Standing Orders for Discovery in Civil Cases and Civil Jury Trials, and the Northern District's Civil Local Rules.

**SERVICE OF THIS ORDER**

1.      The parties are reminded that this Standing Order is included in the "Supplementary Material" that must be served in accordance with Civil Local Rules 4-2 and 16-2.

**CASE MANAGEMENT CONFERENCES**

2.      Civil case management conferences are held on Thursdays at 10:00 a.m. in Courtroom 11, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.

3.      The parties must file a joint case management statement addressing the standardized items required by the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statements. The joint statement must be filed **at least seven calendar days** prior to the case management conference. Failure to file a joint statement must be accompanied by a signed declaration explaining the grounds for that failure. Absent good cause, the parties may be subject to sanctions. If either party is not represented by

1   counsel, separate statements may be filed, but only after the parties have made a good faith effort

2   to prepare a joint statement.

3           4.      In proposing a case schedule, the parties should agree on a trial date and work

4   backward from that date to ensure adequate time for dispositive and *Daubert* motions, class

5   certification motions, expert discovery and other events.  As a general rule, counsel should budget

6   no more than 18 months between the initial case management conference and trial.  Counsel

7   requesting longer pretrial periods must be prepared to justify that request at the initial case

8   management conference.  A trial date typically will be assigned at the initial case management

9   conference.  Once assigned, the trial date will not be changed or continued absent good cause in

10  the interest of justice.  Counsel and parties should assume that the trial date will not be moved.

11          5.      For parties with counsel, each party must be represented at the case management

12  conference by **lead counsel** prepared to address all pertinent matters and with authority to enter

13  stipulations and make admissions.  Failure of lead counsel to appear may result in sanctions.  For

14  parties without counsel, the party is expected to appear.

15          6.      **Telephonic appearances are rarely permitted at case management conferences**

16  **or motion hearings, except in exceptional circumstances and with the Court's prior approval**

17  **issued at least three court days before the appearance date.**  A conflict with another court date

18  scheduled after a date set by this Court is not an exceptional circumstance.  If a party or counsel

19  has a good-faith basis for making a request to appear by telephone, it should file the request on the

20  docket.  Do not call the Court's Courtroom Deputy with those requests.

21          7.      Any request to reschedule a case management conference must be made in writing,

22  by stipulation if possible, not less than 10 calendar days before the conference date.  Good cause

23  must be shown.  The conference date will not be rescheduled unless the Court grants the request.

24  Parties cannot change the date by stipulation.

25          8.      Pursuant to Federal Rule of Civil Procedure 26(d)(1), formal discovery should not

26  be served or initiated by any party until after the parties have conferred as required by FRCP 26(f),

27  except by stipulation or court order, or as provided for in FRCP 26(d)(2) or other rules.  The Court

28  expects that as soon as any party reasonably anticipates or knows of litigation, it will take the

United States District Court
Northern District of California

4

1    necessary, affirmative steps to preserve evidence related to the issues presented by the action,

2    including, without limitation, interdiction of any document destruction programs and any ongoing

3    erasures of e-mails, voice mails, and other electronically-recorded material.

4                    **ELECTRONIC CASE FILING − CHAMBERS COPIES**

5           9.      In addition to filing papers electronically, the parties are required to lodge for

6    chambers **one** paper copy of the following:  (a) complaints; (b) notices of removal; (c) case

7    management conference statements; (d) stipulations; (e) all motion papers, including the opening,

8    opposition, and reply briefs, as well as any supporting declarations and exhibits; and (f) discovery

9    dispute letters that are filed pursuant to this Court's Standing Order for Discovery in Civil Cases.

10   Counsel should not submit chambers copies of any other documents that are electronically filed.

11          10.     All chambers copies must be **double-sided**, three-hole punched at the left margin

12   and marked with the ECF stamp (case number, document number, date and page number).  These

13   printed copies should be marked "Chambers Copy -- Do Not File" and placed in an envelope

14   clearly labeled with the judge's name and case number.  The copies must be delivered in

15   accordance with Civil Local Rule 5-1(e)(7).  For voluminous filings, chambers would appreciate

16   the use of binder clips rather than staples, or submission in three-ring binders.  For documents

17   with multiple attachments (*e.g.,* declarations with exhibits, requests for judicial notice and so on),

18   please use side tabs that clearly separate each attached document.  For pretrial materials, please

19   follow this Court's Standing Order for Civil Jury Trials.

20                    **SETTING MOTIONS FOR HEARING**

21          11.     The civil law and motion calendar is called on Thursdays at 10:00 a.m. in

22   Courtroom 11.  Counsel need not request a motion hearing date and may notice non-discovery

23   motions for any Thursday (excepting holidays) at 10:00 a.m. consistent with the 35-day notice

24   period in Civil Local Rule 7-2(a) or other appropriate timeline.  The Court may vacate the hearing

25   and rule on the papers, or reset the hearing date as its calendar requires.

26          12.     Counsel typically will have up to 15 minutes of oral argument time per side.  The

27   Court generally uses argument to ask questions and counsel are expected to be fully prepared to

28

discuss applicable law and the facts in the case.  Argument time will likely be extended for more complex cases and motions.

13.     The Court has a strong commitment to supporting the development of our next generation of trial lawyers.  Parties and senior counsel are encouraged to give newer practitioners the opportunity to argue in court.  To that end, the Court will typically guarantee oral argument on any motion handled by a lawyer with 6 or fewer years of experience.  The Court should be advised that a newer lawyer is doing the argument well in advance of the hearing date.

## FORM OF SUBMISSIONS

14.     On summary judgment motions, joint statements of undisputed facts are not required but are helpful if completely agreed upon.  Separate statements of "undisputed facts" may **not** be filed.  *See* Civil L.R. 56-2.

15.     Reply papers should not raise new points that could have been addressed in the opening motion or brief.  Sur-replies are not permitted.  *See* Civil L.R. 7-3(d).

16.     The title of a submission must be sufficiently descriptive to alert the Court to the relief sought; for example, please do not bury a request for continuance in the body of a memorandum.

17.     All submissions filed with the Court must include the date and time of the hearing or conference on the cover sheet.

18.     **Except for summary judgment and class certification motions, opening and opposition briefs may not exceed 15 pages, and reply briefs may not exceed 10 pages.**  For summary judgment and class certification motions, opening and opposition briefs may not exceed 25 pages, and reply briefs may not exceed 15 pages.

19.     The parties should not ask the Court for an order where one is not needed, *e.g.,* stipulations of dismissal under FRCP 41(a)(1).  Those requests will be disregarded.

20.     The parties are reminded that they must inform the Court of any potentially related actions pending in this District or any other federal or state court in accordance with Civil Local Rules 3-12 and 3-13.

United States District Court
Northern District of California

6

United States District Court
Northern District of California

### MOTION ADVICE

21.     Counsel should use their best judgment in deciding whether and when to bring a motion.  Not every case warrants a motion to dismiss or summary judgment.  For summary judgment in particular, counsel should carefully evaluate the extent to which fact disputes are genuine and material.  Summary judgment motions that involve disputed material facts will usually be denied promptly in a short order.

22.     As effective lawyers know, persuasive written advocacy is focused, plainly stated and supported by accurate and reliable authority.  Counsel should spare no effort to ensure that their papers are succinct and clear, and should present their arguments in descending order of strength.  Arguments buried in footnotes or raised with little authority or discussion will generally not be considered by the Court.  For example, an argument that the Court lacks personal jurisdiction over a defendant or that a party lacks standing should not be raised in a footnote or a short paragraph at the end of a brief.  If counsel believes a serious question or issue should be decided by the Court, counsel should argue it appropriately.

23.     All case citations and factual statements must be completely accurate.  A citation to a case, statute or other authority is counsel's representation to the Court that the authority stands for the proposition asserted and is good law.  A quotation of a case or other authority is counsel's representation that the quoted language is complete and present in the authority cited.  Counsel must ensure that use of ellipses or elisions in quotes does not mislead the Court or misrepresent the substance of the holding or other authority.  Counsel's representations of facts are subject to the same requirements of completeness and accuracy.  Misrepresentations of law or fact, however subtle, may result in sanctions and a referral to the District's Standing Committee on Professional Conduct.

### DISCLOSURES

24.     FRCP 26 requires certain automatic disclosures and requires them to be made in a timely manner.  Under FRCP 37(c), materials that are undisclosed or disclosed late will likely be excluded from use at trial or summary judgment unless permitted otherwise by the Court.

## SEALED DOCUMENTS

25.     Any party seeking to file a document under seal must carefully review and comply with Civil Local Rule 79-5, except as that Rule is modified here for civil cases before Judge Donato.

26.     The declaration and proposed order required by Civil Local Rule 79-5(d)(1) must establish, with reference to appropriate authority, that each of the following requirements is met:

a.      The document or document portion is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). (Note that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).)

b.      The "strong presumption of access to judicial records" may be rebutted under the appropriate legal standard, *i.e.*, the "good cause" or "compelling reasons" standard. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-82 (9th Cir. 2006) (discussing "good cause" and "compelling reasons" standards with respect to dispositive and non-dispositive motions). The declaration and proposed order must identify the appropriate standard and articulate why the materials to be sealed satisfy that standard. The reasons provided must be specific to the portions of the document sought to be sealed; "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Id.* at 1184. Generic, non-specific reasons are not sufficient under either standard. *See id.* at 1180.

27.     Any proposed order under Civil Local Rule 79-5(d)(1)(B) must include in the table for each item sought to be sealed the filer's reasons for seeking sealing of the material, along with citations to the relevant declarations.

28.     Any declaration by a Designating Party under Civil Local Rule 79-5(e)(1) must include a **new proposed order in the tabular format required by Civil Local Rule 79-5(d)(1)(B)** that includes the Designating Party's reasons for sealing the material. In addition, any declaration by a Designating Party under Civil Local Rule 79-5(e)(1) that seeks less extensive

United States District Court
Northern District of California

8

sealing than its associated administrative motions to seal must be accompanied by **revised redacted and unredacted versions of the documents sought to be sealed** that comply with the requirements of Civil Local Rule 79-5(d)(1)(C) and (D), including the requirement that the portions sought to be sealed must be clearly marked on the unredacted version.

29.     Any declaration, whether under Civil Local Rule 79-5(d)(1)(A) or (e)(1), that claims confidentiality obligations to a non-party as a basis for sealing a document or a portion of a document must be served on the non-party as set forth in Civil Local Rule 79-5(e).  The non-party must also be notified that it must comply with the procedures set forth in that rule for Designating Parties, except that the non-party will have four days from service of the declaration -- rather than four days from the filing of the administrative motion to seal -- to file a declaration under Civil Local Rule 79-5(e)(1).

30.     All portions of documents sought to be sealed must be clearly marked on the unredacted versions of documents submitted to the Court, as required by Civil Local Rule 79-5(d)(1)(D).  The Court emphasizes this requirement, because it is usually ignored.

31.     For cases where voluminous or multiple administrative motions to seal would be filed if normal procedures were followed, parties (and any non-parties with potentially sealable information) must, upon the completion of briefing, jointly file a new, combined administrative motion to seal for all requests where sealing is unopposed.  If any requests to seal are opposed, each party or non-party making an opposed request should file a single combined administrative motion to seal covering all of their opposed requests.  If the parties anticipate that this paragraph will apply to a round of briefing, they may indicate in the initial motion to file under seal that accompanies a brief or other document as it is lodged under seal on the docket, that a more fulsome and revised motion to seal will be forthcoming after the completion of briefing pursuant to this paragraph of the Standing Order.  The later combined motion to seal that is filed should clearly identify the docket numbers of the prior motions to seal that are superseded by the combined motion.  If the Court determines that the parties should have followed this procedure but did not, it will deny the motions to seal without prejudice.

**COMMUNICATIONS WITH CHAMBERS**

32.     Please do not send any letters to the Court except for discovery disputes as detailed in the Court's Standing Order for Discovery in Civil Cases.  When corresponding with the Court by letter, always identify the party you represent.  **Do not messenger anything directly to chambers.**  Deliveries must be directed to the Clerk's office and are never accepted by chambers personnel.

33.     You may contact the Courtroom Deputy, Lisa Clark, at (415) 522-2066 with appropriate inquiries.  Except for the letters described above, please do not attempt to make contact by telephone or any other ex parte means with chambers staff.

**COURTROOM CONDUCT**

34.     Counsel and parties are required to conduct themselves with the highest level of decorum and respect for each other and Court and chambers personnel while in the courtroom. Cell phones and all other electronic devices must be turned off; no texting, e-mailing, or other electronic communications are permitted.  While sitting in the gallery, counsel and parties should avoid conversation unless absolutely necessary for the appearance.  Once a case is called and counsel appear, all communications must be directed only to the Court.  Counsel shall not address each other directly unless the Court expressly permits them to do so.  All statements and citations made to the Court during oral argument will be held to the same standards stated above in Paragraph 23.

**CROSS REFERENCE TO OTHER STANDING ORDERS**

35.     The Court has separate standing orders for civil jury trials, discovery in civil cases, and patent cases.  They are available for review at the website for the United States District Court for the Northern District of California at www.cand.uscourts.gov/jdorders.

**IT IS SO ORDERED.**

Dated:  January 5, 2017

_____

JAMES DONATO
United States District Judge

STANDING ORDER FOR ALL JUDGES

OF THE NORTHERN DISTRICT OF CALIFORNIA

CONTENTS STANDING ORDER FOR ALL JUDGES OF JOINT CASE MANAGEMENT

STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     Motions: All prior and pending motions, their current status, and any anticipated motions.

5.     Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

7.     Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8.     Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9.     Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.  ___ Yes ___ No

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Professional Conduct: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

*Rev. August 25, 2014*