Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
JONATHAN SAPAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| JONATHAN SAPAN, individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br>vs.<br><br>YELP, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 8:17-cv-03240-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br>Judge: Hon. James Donato<br>Case Management Conference:<br>September 7, 2017, 10:00 AM |
|---|---|

    **1.**    **Jurisdiction and Service:**  Federal Subject Matter Jurisdiction.  The sole claim of the named plaintiff and proposed class is for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227(c)(5).  The sole Defendant, Yelp Inc. ("Yelp" or "Defendant"), has been served.

    **2.**    **Factual Synopsis:**
Plaintiff's Position:

Plaintiff Jonathan Sapan claims Yelp transmitted six (6) telemarketing calls to his home phone, which is listed on the federal "Do Not Call" registry. Plaintiff Jonathan Sapan claims six (6) violations of 47 U.S.C. § 227(c)(5) for sales calls being transmitted to a protected number on federal "Do Not Call" registry. The proposed class, in brief, is composed of all persons in the United States who had a residential number on the federal Do Not Call Registry to whom Defendant transmitted more than one telemarketing call between June 5, 2013 and the present.

Defendant contends that it intended to call another party, a business whose number—the same number—was listed on Yelp for some as yet unknown reason. Defendant's position is of no merit legally. The TCPA obligates all telemarketers to screen their call lists against the federally maintained Do Not Call Registry. The only defenses are "prior express written consent" and "established business relationship" or "personal relationship". Prior express consent must be in writing, signed, must expressly allow telemarketing, and must give the phone number to be called. 47 C.F.R. § 64.1200(c)(2)(ii), see also, Satterfield v. Simon and Schuster, 569 F.3d. 946, 955 (2009) ("Express consent is '[c]onsent that is clearly and unmistakably stated.'"). Defendant's unilateral Terms of Service do not come close to being a signed prior express consent in writing that is express and gives the number Defendant called. "The term established business relationship for purposes of telephone solicitations means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call…" 47 C.F.R. § 64.1200(f)(5) (emphasis added). Defendant claims Plaintiff Jonathan

Sapan reads Yelp reviews and comments in general, but this is not a purchase or transaction and Yelp simply does not sell any products or services to consumers—they only sell business-to-business products and consulting. Simply put, Defendant cannot have any business relationship with Plaintiff Jonathan Sapan because Defendant does not do any business with or sell any products to consumers. And Defendant has no personal relationship with Plaintiff Jonathan Sapan.

It is Plaintiff's position that Defendant simply did not do any Do Not Call Registry Compliance whatsoever because they did not think about the potential that small business once listed on Yelp might go out of business and their phone numbers would get reassigned or transferred. Considering that four out of five businesses fail within the first five years, the problems with this kind of oversight were entirely predictable.

Defendant's Position:

In this case, Yelp's alleged calls to Plaintiff do not qualify as "telephone solicitations" because Yelp had an established business relationship with Plaintiff. Since 2011, Plaintiff's phone number was displayed on a Yelp.com listing as the contact number for a roofing company. Yelp's business records reflect that Plaintiff created his own Yelp account in April 2013, and agreed to Yelp's Terms of Service and Privacy Policy at that time, and during subsequent visits. Plaintiff was an active user and in 2016 alone he wrote several reviews, used Yelp's direct messaging feature, and voted on reviews. In fact, on numerous occasions since he created his account, Plaintiff even visited the subject roofing company's Yelp page that displayed the phone number he alleges is his. However, despite viewing this

Joint Case Management Statement

page, Plaintiff neither attempted to delete or revise the phone number on that listing.

Plaintiff did not otherwise inform Yelp of any listing error concerning his phone number or revoke consent during his call with Yelp. By creating and using a Yelp account, Plaintiff formed an ongoing business relationship with Yelp. *See* H.R. Rep. No. 102-317, at 14 (1991) (Congress noted that "an enterprise having an 'existing business relationship' with a subscriber should be permitted to solicit the subscriber even if the subscriber otherwise objected to unsolicited calls.").

**3.     Legal Issues:**

1. Whether the Yelp's alleged calls to Plaintiff constitute "telephone solicitations" pursuant to 47 C.F.R. Section 64.1200(f)(14).

2. Whether Yelp and Plaintiff had an "established business relationship." 47 C.F.R. Section 64.1200(f)(5). Whether Yelp has established reasonable policies and procedures to avoid calling individuals on the do-not-call registry. *See* 47 C.F.R. § 64.1200(c).

3. Whether Plaintiff's alleged injuries are sufficiently concrete for purposes of Article III standing.

4. Whether the proposed class can be certified as a class action pursuant to Federal Rules of Civil Procedure 23.

**4.     Issues Which May Be Resolved By Motion:**  The parties have conferred on this matter and Defendant has indicated that it wishes to file a Motion for Summary Judgment prior to any Class Certification issue. Defendant has also indicated it wishes to request a discovery limitation until such motion is decided. Plaintiff does not oppose Defendant's right to bring the motion, but does oppose

any discovery limitation that would delay class certification or constrict the usual time for class discovery prior to a certification motion.

**5.    Amendment of the Pleadings:**  Neither party foresees any need to amend the pleadings at this time.

**6.    Evidence Preservation**:  The parties have reviewed the ESI Guidelines and did discuss preservation of evidence in the Rule 26(f) conference. The parties have discussed ESI format and have agreed that common formats are acceptable for initial production and the parties may request native format thereafter as needed.

**7.    Initial Disclosures:**  Pursuant to the Discovery and Trial Plan below, the parties have agreed to produce initial disclosures on August 31, 2017.

**8.    Discovery:**  Discovery has not yet begun.  Pursuant to the Discovery and Trial Plan below, the parties have agreed to open discovery on August 31, 2017.  All proposed Discovery and Trial Plan dates are below:

|  | Agreed Date |
|---|---|
| Initial Disclosures | August 31, 2017 |
| Opening of Discovery | August 31, 2017 |
| Class Certification Motion deadline | March 8, 2018 10:00am |
| Fact discovery cut-off | August 31, 2018 |
| Expert designation | August 31, 2018 |
| Expert reports | September 28, 2018 |
| Motion Cut-Off (excl. *Daubert*, in limine) | September 28, 2018 |
| Expert rebuttal reports | October 26, 2018 |
| Expert discovery cut-off | November 16, 2018 |

| *Daubert* motion cut-off | November 23, 2018 |
|---|---|
| Pretrial conference | January 17, 2019 1:30pm |
| Trial | February 4, 2019 9:00am |

Ordering of Discovery:

    Plaintiff's Position:

Plaintiff and Defendant agreed on the schedule above, however Defendant plans to bring a summary judgment motion and wishes to limit all discovery to only those facts relating to the named plaintiff until such motion is decided. Plaintiff does not see any reason to conduct factual discovery in phases and proposes discovery be unlimited with all discovery options available until the discovery cut-off. Plaintiff contends that any discovery limitation based on a Summary Judgment Motion must necessarily shorten the usual time for class discovery prior to the required speedy class certification motion.

Rule 23 requires that the court determine class certification "at an early practicable time." F.R.C.P. 23(c)(1)(A). "Early" clearly means prosecuting the case in a very expeditious manner. For example, the California Central District by local rule requires class certification motions to be filed within 90 days of the case management conference. (C.D. Cal,, Local Rule 23-3). While the Ninth Circuit has ruled that 90 days might be a tad aggressive, it is only so because of the need to conduct enough discovery to "establish a sufficient factual record at the class certification stage." *Balser v. Hain Celestial Group Inc*., 640 Fed.Appx. 694, 696–97 (9th Cir. 2016). Given a six month timeline to class certification in the

proposed dates, any discovery limitation must necessarily invade the discovery time necessary to establish the factual record for class certification.

While Defendant makes argument regarding discovery burdens, they are completely premature given that no discovery has yet been propounded, and the burden or lack thereof is purely speculative at this point.

Defendant's Position:

Defendant agrees to Plaintiff's proposed schedule with the following caveat: Phase One of discovery should be limited to the named plaintiff and Phase Two of discovery should be postponed until after the Court rules on Defendant's anticipated Motion for Summary Judgment.

Should discovery proceed, it should be bifurcated in the interest of judicial economy. Bifurcation is more efficient because if Plaintiff is not an adequate class representative, it prevents unnecessary discovery. *See Deleon v. Time Warner Cable LLC*, No. CV 10-2468 AG (RNBx), 2010 U.S. Dist. LEXIS 148051, *3 (C.D. Cal. Aug. 2, 2010) (finding bifurcation appropriate where "parties take discovery on Plaintiff's individual claims and adjudicate summary judgment on those claims before proceeding with **class** discovery"). Bifurcation also ensures that Defendant is not unfairly pressured to settle to avoid the cost of potentially unnecessary discovery. The first phase of discovery, which would be brief, should only relate to the named plaintiff, Jonathan Sapan. Discovery relating to class certification should be postponed until after the Court rules on Defendant's anticipated Motion for Summary Judgment.

Defendant believes that if its Motion for Summary Judgment is denied, the Court should hold a subsequent case management conference and establish a schedule for the remainder of the case. Defendant reserves the right to shift precertification discovery costs to Plaintiff. In the event discovery is not bifurcated, Defendant may file a Motion to Deny Class Certification. *See Vinole v.*

*Countrywide Home Loans, Inc.,* 571 F.3d 935, 941 ("A defendant may move to deny class certification before a plaintiff files a motion to certify a class.").
Plaintiff's Position:

### 9. Class Action:

The Parties Agree On A Six Month Class Certification Timeline:

As noted above in the Discovery and Trial Plan, the Class Certification Motion deadline proposed is March 8, 2018, which is only six months from the case management conference.  The parties believe this schedule meets the requirement that the court determine class certification "at an early practicable time." F.R.C.P. 23(c)(1)(A).  While another district in California tries to require faster 90-day certification, the Ninth Circuit has opined that such speed is "unrealistic in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage." *Balser v. Hain Celestial Group Inc.*, 640 Fed.Appx. 694, 696–97 (9th Cir. 2016).  The parties believe that six months allows sufficient time for discovery while remaining expeditious.

Plaintiff's Position Regarding Class Certification:

      Plaintiff contends that like most TCPA cases, the class is easily ascertainable since the violation is essentially like a strict liability statute and the damages are defined by the statute.  Defendant's position that it could not run a query to see which numbers on the Do Not Call Registry were called in error seems spurious at best because it is as simple as matching a list of all numbers called against the Do Not Call Registry and Defendant's intentions or mistakes are irrelevant. Defendants claims the inquiry at ceritifaction would be individualized because of their claimed "established business relationship" defense, which Plaintiffs argue is also spurious since Yelp does no consumer business and would not have any

business relationship with any of the private residential numbers on the Do Not Call Registry.  Defendants' final contention that class-wide discovery should only occur after their proposed summary judgment motion flips common procedure and gives no weight to Rule 23's requirement to reach class certification speedily.

Defendant's Position Regarding Class Certification:

The proposed class of individuals Plaintiffs seek to certify is not ascertainable because it is not possible for Yelp to run a query in its database that would accurately identify individuals who were called in error.  *See In re Hulu Privacy Litigation*, No. 11-03764-LB, 2014 WL 2758598, at *16 (N.D. Cal., June 17, 2014) (denying class certification because "[p]laintiffs have not defined an ascertainable class.").  Each putative class member would also need an individualized inquiry to determine whether Yelp had an established business relationship with the individual, or if that individual otherwise consented to receive telephone calls.  Such an individualized inquiry would predominate the case.  As stated in Section 8, Defendant's position is that the first phase of discovery should be limited to the named Plaintiff.  Class-wide discovery should only occur after the Court rules on Defendant's Motion for Summary Judgment.  And, in the event discovery is not bifurcated, Defendant may file a Motion to Deny Class Certification.

Plaintiff's Required L.R. 16-9(b) Statement:

This class action has been filed pursuant to F.R.C.P. 23(a)(1-4), (b)(1-3), and the putative class has been defined as: *All persons located within the United States of America who had a residential phone number on the federal National Do Not Call Registry to which Yelp transmitted more than one call within any 12-month period without prior express written consent or an established business relationship anytime from June 5, 2013 to the present*.  The Complaint has alleged

that the named Plaintiff's number is residential and was on the federal Do Not Call Registry at all relevant times and alleges that Defendant did call the number for solicitation purposes, thus alleging facts necessary to all prima facie elements of the TCPA cause of action.   47 U.S.C § 227(c), 47 C.F.R. § 64.1200(c),

10. **Related Cases:**  Neither party is aware of any related cases at this time.

11. **Relief:**  The Class Complaint seeks statutory damages of $500 - $1,500 per violation of the TCPA for all class members, for attorney's fees pursuant to California Code of Civil Procedure § 1021.5, for costs of suit, and for any other relief the Court deems proper.  Without the aid of class discovery the total number of calls made to persons on the Federal Do-Not Call Registry, and thus the total amount of statutory damages, is currently unknown.

12. **Settlement & ADR:**  At this time the Parties believe that some discovery will be necessary in order to engage in meaningful discussions regarding class settlement and ADR choices.  Parties and counsel are in compliance with ADR L.R. 3-5 as the "ADR Certification" form, and the "Notice of Need for ADR Phone Conference" form have been submitted herewith.

Plaintiff believes that class settlement will not be likely without production of certain discovery by the Defendant.  Specially, Plaintiff believes that class settlement cannot be reached without production of Defendant's phone records for outbound sales call centers which can then be matched with the Federal Do Not Call Registry.  Plaintiff also believes that he will need Defendant's information and records concerning TCPA compliance and any internal "do not call" lists.  As discussed in Section 8, above, Defendant believes that the case may be resolved via its proposed Motion for Summary Judgment, and further believes that production of Defendant's phone records as described by Plaintiff would be overbroad, disproportionate to the needs of the case, and unlikely to lead to relevant

information, given that Yelp generally calls local businesses—not individuals—and such businesses have consented to be called on their telephone numbers.

Finally, Plaintiff believes that the majority of settlement efforts might be better used after class certification and any preceding motion practice since the named Plaintiff has only limited interest in individual settlement.  However, the parties believe that because there is some possibility of early individual settlement, a phone conference should be held prior to certification as discussed below.

With the above issues in mind, the parties believe that the following ADR plan would best serve all parties and the Court in this matter.  The parties suggest that they engage in the Discovery Plan in Section 8, above.  The parties suggest that an initial ADR phone conference be held within 90 days after the CMC, then another ADR phone conference to be held prior to the motion for class certification.  The parties then would request a Settlement Conference before a Magistrate after the decision on the motion for class certification pursuant to ADR L.R. 7-1 – 7-4.  The parties may also agree to private mediation before a respected mediator at their own expense in addition to the above procedure.

**13.**     **Non-Consent to Magistrate Judge:**  The parties have **declined** to consent to having a magistrate judge conduct all further proceedings in this class action case.

**14.**     **Other References:**  The parties agree that the case does not at this time present any of the factors supporting reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.**     **Narrowing of Issues:**  Please see the discussion regarding Ordering of Evidence related to a proposed Summary Judgment motion in Section 8, above.

**16.**     **Expedited Trial Procedure:**  The parties agree that this class action case with jury trial requested is **not** suitable for Expedited Trial Procedure under General Order No. 64 Attachment A.

Joint Case Management Statement

**17.   Scheduling:** Please see Section 8, above.

**18.   Trial Estimate:** Jury trial has been requested. Plaintiff estimates without yet having the aid of discovery or case development that a class action trial would take approximately five to seven days.

**19.   Disclosure of Non-Party Interested Entities or Persons:** The Named Plaintiff and Defendant have both filed the required Certification of Interested Entities or Persons. The Named Plaintiff's Certification identifies no interested entities or persons. Defendant's Certification identifies no interested entities or persons.

**20.   Professional Conduct:** All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California

**21.   Any Other Issues:** The parties are not aware of any other issues affecting case management at this time.

DATED: August 31, 2017                **PRATO & REICHMAN, APC**

/s/ Christopher J. Reichman, Esq.
Christopher J. Reichman, Esq.,
Attorneys for Plaintiff,
JONATHAN SAPAN, individually
and on Behalf of All Others Similarly
Situated

DATED: August 31, 2017                **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

/s/ Claire Newland, Esq.
Claire Newland, Esq.,
Attorneys for Defendant,
YELP INC.

Joint Case Management Statement

# ATTESTATION

I hereby attest that Claire Newland, Esq., has given me approval to affix her electronic signature to this joint report. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:  August 31, 2017                     **PRATO & REICHMAN, APC**

<u>/s/ Christopher J. Reichman</u>
Christopher J. Reichman,
Attorney for Plaintiff,
JONATHAN SAPAN, individually
and on Behalf of All Others Similarly
Situated