# MINTZ LEVIN

Nicole V. Ozeran | 310 226 7851 | nvozeran@mintz.com

Century Plaza Towers
2029 Century Park East
Suite 3100
Los Angeles, CA  90067
310-586-3200
310-586-3202 fax
www.mintz.com

January 16, 2018

Honorable James Donato
450 Golden Gate Avenue
San Francisco, CA  94102

      Re:    *Sapan v. Yelp, Inc.*
              Case No. 3:17-cv-03240-JD

Dear Judge Donato:

      Pursuant to the Court's January 8, 2018 Order, Defendant Yelp Inc. ("Yelp") responds to Plaintiff Jonathan Sapan's ("Plaintiff") January 4, 2018 Letter.  Plaintiff asks the Court to compel production of "all the phone numbers Yelp called" between July 1, 2016 and July 1, 2017.  *See* Plaintiff's January 4, 2018 Letter, ECF No. 55.  However, Plaintiff's proposed "sampling" of one year is improper and Plaintiff fails (for the third time) to narrow his Request for Production No. 1 (the "Request").

### *Case Law Does Not Support the Type of Sampling Requested by Plaintiff*

      Sampling in class actions may be appropriate where individualized discovery concerning *class members* is sought.  *Feske v. MHC Thousand Trails Ltd. P'ship,* 2012 U.S. Dist. LEXIS 47236,*7 (N.D. Cal. April 3, 2012) (allowing "discovery of a statistical significant sample of [class] members"); *compare Marsh v. ZaaZoom Solutions*, 2013 U.S. Dist. LEXIS 94240 *11 (N.D. Cal. July 5, 2013 (denying request that the Court impose "a sampling of the class plaintiffs' information" because such a sampling would do nothing to protect the privacy of the potential members).

      However, Plaintiff's proposed "sampling" does not seek discovery related to a "statistically significant representative sampling" of the class.  *Soto v. Castlerock Farming & Transp., Inc*., 282 F.R.D. 492, 503 (E.D. Cal. 2012) (citing *Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354, 357-58 (S.D. Oh. 2006)).  Plaintiff instead seeks wholly irrelevant information, such as calls made to individuals who are not on the Do Not Call Registry, who have an existing business relationship with Yelp, and/or who consented to receive phone calls.  Plaintiff's request even sweeps in any personal phone calls made or received by Yelp employees—to family members, friends, doctors, or others.

      Plaintiff fails to provide any support for his argument that his proposed "sampling" is appropriate.  Plaintiff's only citation is to an Eighth Circuit decision that does not discuss sampling in discovery – *Catlett v. Missouri Highway & Transp. Com*., 828 F.2d 1260 (8th Cir. 1987).  Rather, *Catlett* discusses the issue of whether a district court is bound by a jury's verdict.

Honorable James Donato
January 16, 2018
Page 2

Plaintiff's Request does not seek discovery concerning individual class members, but rather seeks overbroad discovery concerning all calls made by Yelp in hopes of identifying putative class members. Such sampling is inappropriate, unsupported by case law, and should not be allowed in this matter.

### *The Issue Remains the Same – The Request Is Overbroad*

Moreover, limiting the Request to one year fails to narrow the Request. The Request remains overbroad, unduly burdensome, and not likely to lead to the discovery of relevant evidence.

Plaintiff seeks the same information as the initial Request – all calls, including those made to individuals who are not on the Do Not Call Registry, who have a business relationship with Yelp, and/or who provided prior express consent. Twice, this Court already found this Request to be overbroad. Plaintiff has done nothing to narrow it.

Additionally, a list of all calls made by Yelp between July 1, 2016 and July 1, 2017 would still be more than 15 million calls.[1] Assuming Yelp is capable of generating such a list, doing so would require extensive time and resources, far outweighing any likely benefit of the information. It is near certain that this hypothetical list will contain entirely irrelevant information as Yelp only targets calls to (and receives calls from) businesses. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").[2]

### *Full Briefing Is Not Necessary*

Defendant fails to see how a fully briefed motion to compel would benefit either party. The issues are clear – the Request is overbroad and the sampling sought by Plaintiff is improper. Fully briefing the issue will have no effect.

The Court should deny Plaintiff's third attempt to have this Court compel Yelp to produce documents in response to the overbroad Request.

Sincerely,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Nicole V. Ozeran

---

[1] This is a conservative estimate assuming 1,500 sales representatives place an average of 50 calls a day and work 250 days a year over a four-year period. The actual number is likely higher. Indeed, recently on October 31, 2017—a single day—Yelp employees made over 225,000 outbound phone calls.

[2] Yelp is unable to identify numbers called that appear on the Do Not Call Registry at the time that they were called.

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and am not a party to the above-entitled action.

On January 16, 2018, I filed a copy of the foregoing document by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF registered users.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 16, 2018, at Los Angeles, California.

Nicole V. Ozeran