1  Joshua Briones (SBN 205293)
   jbriones@mintz.com
2  Nicole V. Ozeran (SBN 302321)
   nvozeran@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY
     AND POPEO P.C.
4  2029 Century Park East Suite 3100
   Los Angeles, CA 90067
5  Telephone:  310-586-3200
   Facsimile:   310-586-3202
6
7  Claire C. Newland (SBN 301017)
   ccnewland@mintz.com
8  MINTZ LEVIN COHN FERRIS GLOVSKY
     AND POPEO P.C.
9  44 Montgomery Street, 36th Floor
   San Francisco, CA 94104
10 Telephone:  415-432-6000
   Facsimile:   415-432-6001
11
12 Attorneys for Defendant
   Yelp Inc.
13
14                UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                  SAN FRANCISCO DIVISION

17

18 JONATHAN SAPAN, individually and on          Case No.  3:17-cv-03240-JD
   Behalf of All Others Similarly Situated,
19                                              **DEFENDANT YELP INC.'S OPPOSITION
                    Plaintiff,                  TO PLAINTIFF'S REQUEST FOR
20        vs.                                   JUDICIAL NOTICE IN SUPPORT OF
                                                MOTION FOR CLASS CERTIFICATION**
21 YELP INC., a Delaware Corporation,
22                 Defendant.                   Hearing:
                                                Date:     April 19, 2018
23                                              Time:     10:00 a.m.
                                                Dept.:    11
24                                              Judge:    Honorable James Donato
25
                                                Complaint Filed:  June 6, 2017
26

27

28

---

DEFENDANT YELP INC.'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION – CASE NO. 3:17-cv-03240-JD

## I.     INTRODUCTION

Defendant Yelp Inc. ("Yelp") opposes Plaintiff Jonathan Sapan's ("Plaintiff") request for judicial notice of the Federal Trade Commission National Do Not Call Registry Data Book for Fiscal Year 2016 (the "Data Book"). Plaintiff's request is inappropriate because the statistics in the Data Book are disputable and not relevant to this litigation. Plaintiff improperly offers the Data Book for the truth of the facts contained therein, and accordingly, the Court should deny its request for judicial notice.

## II.     LEGAL STANDARD

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *U.S. v. Safran Group*, No. 15-CV-00746-LHK, 2017 U.S. Dist. LEXIS 137264, *20 (N.D. Cal. Aug. 25, 2017) (quoting Fed. R. Evid. 201(b)). "Further, any evidence considered by the Court must be relevant evidence." *Twitter, Inc. v. Sessions*, 263 F. Supp. 3d 803, 806 n.2 (N.D. Cal. 2017) (denying the request for judicial notice in part because the proffered documents were not relevant to any matter at issue); *see also* Fed. R. Evid. 401.

"[A] court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee v. Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Fed. R. Evid. 201); *see In re Mora*, 199 F.3d 1024, 1026 n.3 (9th Cir. 1999). A court may not take judicial notice of the truth of the facts contained in a document if they are disputable. *See Lawson v. Tehama Cty.*, No. 2:17-cv-1276 TLN GGH, 2018 U.S. Dist. LEXIS 14126, at *7-8 (E.D. Cal. Jan. 29, 2018) ("It appears that defendants would desire to have the court take judicial notice of the truth of the facts contained therein. That the court may not do.").

Courts may take judicial notice of matters that are capable of immediate and accurate verification through reliable sources (*i.e.*, dictionaries, encyclopedias). *See U.S. v. Mariscal*, 285 F.3d 1127, 1132 (9th Cir. 2002) (denying judicial notice because the Court was not directed to any source that could verify certain facts).

-1-

1   **III.   ARGUMENT**

2          The Data Book is not relevant to the facts of this case.  When collecting its data, the National

3   Registry accepts all complaints regarding calls using a recorded message, regardless of the

4   registration status of the called number.  *See* Pl.'s Req. for Judicial Notice ("Pl.'s RJN") Ex. 19, at 5

5   n.1, ECF 66-2.  This case does not concern recorded or automated calls.  More significantly, the

6   proposed class members in this case would be registered on the Do Not Call ("DNC") Registry.  The

7   Data Book includes statistics about consumers who *are not* listed on the DNC Registry, and is

8   therefore outside the scope of this litigation.  Additionally, consumers registered complaints by

9   responding affirmatively to either or both of two questions: "Have you asked this company to stop

10  calling you?" or "Was the call a recorded message?"  *Id.*  Plaintiff's answer to both inquiries would

11  be no, and if he is typical of his class, class members' responses would also be no.  Accordingly, the

12  Data Book and the statistics contained therein are irrelevant and the Court should not be consider

13  them when determining the proposed class size.

14         The Data Book's contents are also disputable and not readily verifiable.  As stated in the Data

15  Book, the data is based on "unverified complaints reported by consumers."  Pl.'s RJN Ex. 18, at 3,

16  ECF 66-2.  The Federal Trade Commission ("FTC") does not disclose identifying information about

17  consumers who submitted complaints, or suggest that any such information exists.  Moreover,

18  Plaintiff does not propose a method for verifying the facts contained in the Data Book, and the data

19  is not based on matters of common knowledge.  *See Mariscal*, 285 F.3d at 1131.  Although a FTC

20  Rule may be proper for judicial notice, a publication by the FTC containing disputable information is

21  not.  A FTC Rule can be readily verified, but a publication containing a year's worth of data

22  cannot.  There is also no information as to how the data was compiled, analyzed, and culled.  Because

23  the complaints are unverified *and* unverifiable, they are inherently unreliable and subject to dispute.

24         Plaintiff has failed to supply the necessary information as to why the statistics contained in

25  the Data Book are appropriate for judicial notice.  Plaintiff does not specify which fact(s) should be

26  judicially noticed.  Instead, Plaintiff states that the accuracy of "the statistics" in the Data Book, of

27  which there are many, "cannot reasonably be questioned," but provides no support for this conclusory

28

-2-

statement.  *See* Pl.'s RJN 2:5-6, ECF 66-2.  Simply because a document is "published annually, publicly noticed and is publicly available" does not make it accurate.  *Id.*

**IV.     CONCLUSION**

Yelp respectfully requests that this Court deny Plaintiff's request for judicial notice of the statistics contained in the Data Book.


Dated:  March 23, 2018                                Respectfully submitted,

                                                      MINTZ LEVIN COHN FERRIS GLOVSKY
                                                       AND POPEO P.C.


                                                              */s/ Claire C. Newland*
                                                      _____
                                                      By:    Joshua Briones
                                                             Nicole V. Ozeran
                                                             Claire C. Newland
                                                             Attorneys for Defendant Yelp Inc.

DEFENDANT YELP INC.'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION – CASE NO. 3:17-cv-03240-JD