# MINTZ LEVIN

Nicole V. Ozeran | 310 226 7851 | nvozeran@mintz.com

Century Plaza Towers
2029 Century Park East
Suite 3100
Los Angeles, CA  90067
310-586-3200
310-586-3202 fax
www.mintz.com

June 5, 2018

**VIA ELECTRONIC FILING CM/ECF**

Honorable James Donato
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   Response to Plaintiff's Discovery Dispute Letter Brief
      *Sapan v. Yelp*
      Case No.: 3:17-cv-03240-JD

Dear Judge Donato:

     Yelp has already addressed Plaintiff's stated concerns regarding Federal Rule of Civil Procedure 34(b)(2)(C).  On April 9, 2018, during a telephonic phone conference regarding Plaintiff's document requests, counsel for Yelp informed Plaintiff's counsel that—with the exception of Yelp's response to Request No. 25—no documents were withheld based on objection, thus complying with the requirements of Rule 34(b)(2)(C).

     Nonetheless, on April 11, 2018, Plaintiff sent a meet and confer letter ("April Letter") that (1) requested documents in response to the requests that Yelp had already produced; (2) incorrectly assumed that Yelp's response to Request No. 21 was an "oversight" and demanded amendment of that response; and (3) sought amendment of Requests Nos. 22-25, 35-37, 39, 40, and 45, to state whether any documents had been withheld.

     On April 23, 2018, Yelp responded to the April Letter.  Yelp (1) clarified that Yelp previously produced all responsive documents; (2) explained why its response to Request No. 21 was not an "oversight"[1]; and, (3) sought additional information from Plaintiff concerning Requests Nos. 22-24, which are unintelligible, to confirm that Yelp had made an appropriate document production as to those specific requests.  Additionally, Yelp requested that Plaintiff telephonically confer with Yelp to discuss these or any other remaining concerns regarding Yelp's Responses, and renewed its previous request that Plaintiff stipulate to a Joint Request to Stay Discovery while this Court decides pending potentially dispositive motions.  Plaintiff, however, never responded to Yelp and did not engage further in the meet and confer process.

     Plaintiff fails to identify why additional discovery responses are necessary now.  In fact, the sole possible purpose of Plaintiff's discovery dispute is to harass Yelp given that the supposed information sought appears immaterial to any claim or defense.  Yelp has already made

---

[1] Plaintiff's April Letter stated that Yelp made an "oversight" by producing documents in response to Request No. 21 and that Yelp should amend its response to state that no responsive documents exist.  In its April 23, 2018 letter, Yelp explained that Plaintiff reads its own request too narrowly and that Yelp's document production is, in fact, proper.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | LONDON | LOS ANGELES | NEW YORK | SAN DIEGO | SAN FRANCISCO | STAMFORD | WASHINGTON

Honorable James Donato
May 29, 2018
Page 2

clear to Plaintiff that, absent its response to Request No. 25, Yelp has not withheld any responsive documents that exist within the scope identified in Yelp's Responses (*i.e.*, within the applicable time period and concerning Yelp's calls to Plaintiff).[2]  Therefore, the instant discovery dispute is meritless and a waste of this Court's time and resources.

      Further, Plaintiff's Motion for Class Certification, and Defendant Yelp's Motion for Summary Judgment, are currently pending before this Court.  In light of these motions, which are potentially dispositive of Plaintiff's pending discovery requests if not the entire case, Yelp has repeatedly asked Plaintiff to stipulate to a Joint Request to Stay Discovery.  Plaintiff has refused, and instead continue to pushes meritless and harassing discovery disputes such as this one.  Based on Plaintiff's insistence on fabricating discovery disputes where none exist, Yelp requests that this Court enter an Order staying discovery while Plaintiff's Motion for Class Certification and Defendant's Motion for Summary Judgment are pending.

Respectfully submitted,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Nicole V. Ozeran

NVO/nrl

78260969v.1

---

[2] Yelp agrees to amend its response to Request No. 25, which seeks "All DOCUMENTS which refer, relate to, OR otherwise evidence any lawsuit involving YOU AND claiming any TCPA violation at any time between June 5, 2015 and the present."  In their April Letter, Plaintiff's counsel articulated that Request No. 25 seeks documents concerning lawsuits against Yelp alleging TCPA violations.  Yelp withholds responsive documents on the basis that the Request seeks information that can be more effectively and efficiently obtained by Plaintiff or is otherwise equally available to Plaintiff.  A party has no duty to produce documents that are readily accessible to the requesting party.  *Dasenbrook v. Enenmoh,* 2014 U.S. Dist. LEXIS 147263 *37 (E.D. Cal. Oct. 15, 2014) (denying Plaintiff's request to compel production of documents on basis that Plaintiff has equal access to documents). Further, the documents sought are not relevant, as Yelp has never faced any lawsuit regarding the "Do Not Call" provisions of the TCPA at issue here.