UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SAPAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YELP INC.,<br><br>Defendant. | Case No. 3:17-cv-03240-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br>Re: Dkt. No. 64 |

Plaintiff Jonathan Sapan sued Yelp Inc., under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), for making marketing calls to Sapan's home number without his consent and while his phone number was listed on the FTC's national "Do Not Call" registry. Dkt. No. 1. Yelp seeks summary judgment. Dkt. No. 64. The motion is denied.

The parties' familiarity with the record is assumed. Yelp's motion turns on whether it had an "existing business relationship" with Sapan that would support a potential exemption from liability under the TCPA. *See* 47 C.F.R. § 64.1200(f)(14)(ii); Dkt. No. 64 at 7. That relationship is defined in pertinent part to mean "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber" that involved a "purchase or transaction with the entity" within the 18 months preceding the date of the challenged phone calls, or "the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated." 47 C.F.R. § 64.1200(f)(5).

As this definition indicates, the issue of whether Sapan and Yelp had an existing business relationship entails a number of factual predicates that the parties hotly dispute. Yelp says all the conditions have been met, while Sapan vigorously denies the existence of any business

relationship at all with Yelp. *See, e.g.*, Sapan Decl. at ¶¶ 6-13, Dkt. No. 68-2. Sapan adds that he "hate[s] telemarketing calls" and would never have entered into a relationship with Yelp to receive them. *See id*. at ¶ 6.

On this record, it is clear that the parties have genuine disputes of material fact that preclude summary judgment. The contested evidence, and witness credibility, will need to be decided by a trier of fact.

**IT IS SO ORDERED.**

Dated: November 13, 2018

JAMES DONATO
United States District Judge